UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.: 4:24CR433 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| v. | ) | |
| JERMAINE BUNN, | ) | **ORDER** |
| Defendant. | ) | |

Although represented by counsel, Defendant Jermaine Bunn made an oral motion contending that this matter should be dismissed for violation of his right to a speedy trial. The motion is denied.

The Speedy Trial Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay. 18 U.S.C. § 3161(c)(1), (h). "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending,

1

whichever date last occurs." 18 U.S.C.A. § 3161(c)(1). If a defendant is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof to support such a motion to dismiss the indictment. *Id*.

Bunn was arraigned before this Court on his indictment on December 10, 2024. Assuming *arguendo* that there were *zero* excludable days, Bunn was required to be brought to trial by no later than February 18, 2025. Accordingly, following his detention hearing, the Court set an initial trial date of February 10, 2025. However, based upon motions of both defense counsel and the Government, jury empanelment in this matter ultimately began on February 28, 2025. Accordingly, the Court will analyze whether the delays that occurred in this matter were properly excluded.

As relevant here, a district court may exclude the period of any continuance from Speedy Trial Act calculations "on [its] own motion" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act contains a non-exclusive list of factors that a district court may consider when conducting this ends-of-justice analysis. *Id*. at § 3161(h)(7)(B). Those factors include whether the failure to continue the proceeding would make the proceeding "impossible" or otherwise "result in a miscarriage of justice." *Id*. A continuance on this basis does not require the defendant's consent. United States v. Jones, 795 F.3d 791, 798 (8th Cir. 2015).

The Speedy Trial Act excludes from the 70-day period delays listed in 18 U.S.C. § 3161(h). Excluded periods of delay include:

2

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  Moreover, a defendant's consent to a continuance waives objections to exclusion of the time from speedy trial calculations. *See United States v. White*, 985 F.2d 271, 275 n.1 (6th Cir. 1993); *United States v. Monroe*, 833 F.2d 95, 99 (6th Cir. 1987).

First, on January 9, 2025, defense counsel moved for an extension of time to file pretrial motions.  The Court granted that motion the following day.  Thus, one day is excluded from Bunn's speedy trial calculation.  Next, near the end of his change of plea hearing, Bunn rejected the idea of plea after initially committing to plead guilty.  Bunn's erratic actions resulted in the need to reschedule a pretrial hearing and set a new trial date to allow counsel further time to consult with his client.  Therefore, the Court set a new pretrial date for February 13, 2025 and a new trial date of February 24, 2025.  Because Bunn's actions resulted in what effectively was a continuance at his counsel's request, the Court finds the delay from February 10, 2025 to February 24, 2025 as properly excluded.

Then, on February 3, 2025, the Government moved to continue trial, and Bunn did not oppose the motion.  This request occurred after the Court had conducted the pretrial conference in which it appeared that Bunn was going to plead guilty and after the Court had moved the trial date.  As Bunn did not oppose the motion, he has waived any objection to its resulting exclusion.  However, even if Bunn had opposed the motion, the Court still determined that the ends of justice outweighed the best interest of the public and the defendant in a speedy trial.  The motion reflected that Government counsel had a previously scheduled trial thus rendering it impossible for her

3

appear before the Court on February 24, 2025.   As a result, the Court scheduled the trial to begin on the first day Government counsel was available, February 28, 2025.   Accordingly, the delay necessitated by that scheduling conflict is properly excluded from the Court's calculation.

Based upon the above, the commencement of jury empanelment on February 28, 2025 did not violate Bunn's speedy trial rights.

IT IS SO ORDERED.


Date:   3/6/2025                         /s/ John R. Adams
                                                                  JUDGE JOHN R. ADAMS
                                                                   UNITED STATES DISTRICT JUDGE