UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.: 4:24CR433 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE BUNN, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Jermaine Bunn was convicted by a jury of being a felon in possession of a firearm on May 13, 2025.   Since that time, Bunn has moved to dismiss his conviction (Doc. 65), moved for acquittal (Doc. 66), moved to be supplied with additional transcripts (Doc. 72), moved to remove his stand-by counsel (Doc. 73), moved for additional time to file additional motions following the receipt of transcripts (Doc. 74), moved for a bill of particulars (Doc. 75), moved for reconsideration of the denial of his oral Rule 29 motion (Doc. 78), and moved to vacate his jury verdict (Doc. 85).   The Court now resolves those motions.

Bunn first claims this Court erred when it failed to instruct on a necessity defense.  As there was no evidence that Bunn was under the imminent threat of death of serious bodily injury, he could not legally establish a necessity defense. *United States v. Ridner*, 512 F.3d 846, 850 (6th Cir. 2008).   As such, there was no error in the defense not being given to the jury.  To the extent that Bunn also argues that an instruction on unconsciousness should have been given, the Court

1

similarly finds no error.   Bunn seems to believe that because he was found unconscious by officers, the Government could not establish *any* type of intent to possess the firearm.   Bunn has offered no legal authority for this position.   More importantly, Bunn ignores that he was found unconscious in his vehicle having driven it up until the point he passed out.   As such, there was more than ample evidence to demonstrate his intent to possess *prior* to the precise moment he passed out.   Accordingly, there was no error in failing to give an instruction on Bunn's state of consciousness at the time officers encountered him.   Bunn's motion to dismiss on these grounds (Doc. 65) is DENIED.

Bunn next contends that acquittal is required because the Government never proved that the ammunition discovered with the firearm traveled across state lines.   Bunn contends that the Government's expert only opined on the origin of the firearm.   Bunn, however, ignores that the jury was properly instructed on the use of the term "and" in the indictment.   Despite being indicted for possessing both a firearm and ammunition, to sustain a conviction, the Government was only required to prove unlawful possession of *either* the firearm or the ammunition (or both).   *See, e.g., United States v. Thompson*, 560 F.3d 745, 748 (8th Cir. 2009) ("In other words, the government in this case was required to prove only that Thompson possessed a firearm or ammunition to establish a violation of 18 U.S.C. § 922(g)(1), not that he possessed both.").   As such, the failure to put on evidence regarding the state of origin of the ammunition does not impact Bunn's conviction.   His motion for judgment of acquittal (Doc. 66) is DENIED.

Bunn next requests that transcripts of certain dates be prepared and submitted to him at no cost.   Those transcripts have been ordered by his standby counsel and are available.   Standby counsel shall coordinate with Bunn to allow his continued review of these transcripts.   The motion

(Doc. 72), therefore, is DENIED AS MOOT.   Similarly, Bunn's request to remove his standby counsel (Doc. 73) is DENIED.   Standby counsel shall continue to assist Bunn with administrative matters and there is no basis that warrants his removal.

Bunn next asks for more time to file additional motions.   Doc. 74.   It is unclear what Bunn believes he could supplement with a review of additional transcripts.   However, Bunn is free to seek leave to file additional motions if a review of additional information so warrants.   The motion, therefore, is DENIED WITHOUT PREJUDICE.

Next, Bunn has moved for a bill of particulars.   A bill of particulars is intended to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction...." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). "When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified." *Id.* Accordingly, courts should "balance the defendant's need for the information against the effect of narrowing the Government's scope of proof." *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987). The test for granting a motion for a bill of particulars is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (quoted by *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987)). Bunn was tried on a single-count indictment alleging he was a felon in possession of a firearm.   As such, his motion is untimely.   However, the motion also fails on its merits.   The indictment clearly alleges the offense for which Bunn was tried, including stating the date of the offense and the specific firearm that was possessed.   As such, there was no basis to require a bill of particulars,

3

and Bunn's motion (Doc. 75) is DENIED.

In that regard, Bunn appears to have repeatedly confused the Government's *method of proof* with his charge.   During numerous pretrial hearings and trial, Bunn was informed that the Government could prove actual or constructive possession.   Bunn mistakenly appears to believe that this method of proof must be specified in the indictment.   There is no legal authority for this position.   As such, there is no basis to offer the relief sought by Bunn.

Bunn next renews his Rule 29 motion for acquittal.   Bunn, however, does not focus upon the evidence that was presented demonstrating his guilt.   Instead, he asserts that this Court committed plain error when it allowed certain testimony and exhibits to be presented.   First, Bunn contends that a screenshot was presented from the body camera footage of an officer that ultimately did not testify.   Bunn contends that this was impermissible hearsay.   Bunn is incorrect.   Not only is the screenshot not hearsay in any capacity, but it was also only presented during opening statements and not sought to be admitted into evidence.   Next, Bunn complains that Officer Norman was permitted to indicate that Officer Hinkle called out that there was a gun and asked Norman to remove the firearm from the vehicle.   It is unclear how Bunn can claim to be prejudiced from this testimony when Officer Norman's body camera footage showed this exact statement and was properly admitted into evidence.   Moreover, contrary to Bunn's contention that "no other evidence" linked him to the firearm, Officer Norman's remaining testimony did just that.   Norman testified as length about the manner in which he removed the firearm from the vehicle and its proximity to Bunn.   Accordingly, there was overwhelming evidence of Bunn's guilt and his renewed motion for acquittal (Doc. 78) is DENIED.

In his final motion, Bunn contends that his conviction must be vacated because it violates

4

Double Jeopardy.   In support, Bunn alleges that he completed a change of plea hearing prior to trial and that any subsequent trial should be found to be invalid.   The record directly contradicts Bunn's assertions.   Bunn is correct that the Court held a change of plea hearing and engaged with Bunn in a change of plea colloquy.   However, at the conclusion of that hearing, the Government offered a factual basis for the plea agreement.   When asked to admit to the facts as set forth by the Government, Bunn was evasive and equivocal.   As he has argued throughout these proceedings, Bunn took issue with the Government's reliance on constructive possession.   As Bunn would not make a clear, unequivocal admission to the facts supporting his plea, the Court refused to finalize his change of plea and set the matter for trial.   As such, there is no basis for any argument about Bunn's Double Jeopardy rights being violated.[1]  The motion to vacate (Doc. 85) is DENIED.

       IT IS SO ORDERED.

Date:   9/5/2025                     /s/ John R. Adams
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE

---

1  Notably, even if Bunn were correct that he has pleaded guilty, he would still have the exact same conviction as that found by a jury.   As he will receive only a singular punishment for his conviction, Double Jeopardy would still not be implicated.